IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EXECUTORS OF THE ESTATE OF<br>LEWIS E. WALLNER: Thomas J. Scanlon<br>et al., | )<br>)<br>) | CASE NO. 1:15-CV-2095 |
| Plaintiffs, | )<br>)<br>) | JUDGE DONALD C. NUGENT |
| vs. | )<br>) | |
| UNUM LIFE INSURANCE COMPANY OF<br>AMERICA, | )<br>) | **MEMORANDUM AND OPINION** |
| Defendant. | | |

This matter is before the Court upon Defendant's, Unum Life Insurance Company, (hereafter Unum), Motion for Summary Judgment and/or to Uphold the Administrative Decision (ECF #15). Plaintiffs, Executors of the Estate of Lewis E. Wallner: Thomas J. Scanlon; Michael A. Shemo; and Lewis E. Wallner II, filed a Brief in Opposition (ECF # 16), and Defendant filed a Reply Brief (ECF #17). The issues have been fully briefed and are ripe for review.

For the reasons set forth in this Memorandum, Defendant's Motion (ECF #15) is GRANTED.

I.   PROCEDURAL AND FACTUAL BACKGROUND[1]

This case arises from Unum's denial of life insurance benefits under the terms of a Group Life and Group Accidental Death and Dismemberment Insurance Plan (hereafter "the Plan"), designated as policy number 352930 (hereafter "the Policy"). (ECF #13-1, pp. 66-138). The

---

[1]   The facts are taken from the administrative record filed with this Court at ECF # 13-1.

parties agree that this Policy is part of an employee welfare benefit plan and is therefore governed by the Employee Retirement Income Security Act of 1974 (hereafter "ERISA"), 29 U.S.C. §§ 1001 *et seq*. This Policy was issued to Pacer Construction Company (hereafter "Pacer") in 1990, and provided life insurance to Partners and Officers engaged in "active employment," which was defined as someone who must be working:

- for your employer on a permanent full-time basis and paid regular earnings;

- at least 30 hours per week;

- at your employer's usual place of business; or, at a location to which your employer requires you to travel.

(*Id.* at pp. 168-169).[2]

Mr. Wallner was a participant in this Plan while he was an active employee of Pacer, which is the predecessor-in-interest to West-Way Management Company (hereafter "West-Way").[3]

Mr. Wallner passed away on December 16, 2006, at the age of 83. After conducting an audit of unclaimed death benefits, Unum wrote to West-Way on January 27, 2015, indicating that Mr. Wallner may have been covered under the Plan at the time of his death. (*Id.* at pp. 23-24). On March 10, 2015, Plaintiffs responded by indicating that Pacer, "the employer designated on the signature card signed by Lewis E. Wallner, has been out of business for many years, and its records are not available." (*Id.* at p. 37). This letter also stated that Mr. Wallner "had retired from

---

[2] The minimum 30-hour per week requirement was established in the "Plan Outline" section of the Policy. See ECF #13-1, pp. 73-74.

[3] This Court takes judicial notice that Pacer and West-Way both use the trade name "King James Group" as evidenced by public records provided by counsel.

Pacer Construction Corp. many years prior to" the time Pacer went out of business, and to advise if death benefits were available. (*Id.*).

On April 15, 2015, Unum denied Plaintiffs' claim for death benefits, indicating that under the Policy, coverage terminates once an employee retires. (*Id.* at pp. 141-144). Unum explained that they based this decision on Plaintiffs' representation that Mr. Wallner had retired "many years prior to his date of death."(*Id.* at p. 142)

On April 21, 2015, Plaintiffs appealed this denial of benefits, stating that prior to his death, Mr. Wallner "continued to be active in the management of the Companies" and "did not formally retire from any business." (*Id.* at p. 151). Plaintiffs also indicated they believed that Unum continued to accept premium payments relating to Mr. Wallner's benefits until the time of his death. (*Id.* at p. 152).

Plaintiffs also requested a copy of the Policy, a copy of every invoice sent by Unum to West-Way from December 1, 2000 to December 15, 2006, all communication from West-Way and/or the insured from the same time period, and all other documentation Unum relied upon in making the decision. (*Id.*). On May 12, 2015, Unum provided the documentation and information Plaintiffs had requested. (*Id.* at pp. 202-203). On July 1, 2015, Plaintiffs send Unum a letter indicating that they intend to appeal the denial, that Mr. Wallner was "not considered retired," and it appeared that premiums had been paid for death benefits coverage. (*Id.* at 209).[4]

On August 28, 2015, Unum sent Plaintiffs a letter affirming the denial. (ECF #13, pp. 257-260). Unum explained that Mr. Wallner was not covered under the Policy because all available

---

[4] Plaintiffs subsequently asked for additional documentation in August of 2015 and Unum replied that it had provided all relevant records to Plaintiffs. (ECF #13-1, pp. 226, 234).

evidence indicated he had retired prior to his death. Unum indicated that they based this decision on documentation provided by Plaintiff's counsel, as well as Mr. Wallner's obituary, published December 20, 2006 in *The Cleveland Plain Dealer*, which stated that Mr. Wallner "retired from the King James Group about three years prior to his death." (*Id.* at 258). Finally, Unum explained that while they did accept premiums from Pacer "beyond retirement," this alone "does not, in and of itself, equate to coverage and an eligibility to receive life insurance benefits when that coverage does not otherwise exist under the policy." (*Id.* at 259-60).[5]

On October 8, 2015, Plaintiffs' filed their Complaint, alleging: (1) Defendant violated the terms of ERISA when it failed to provide information used when making its benefits decision; (2) Defendant breached the terms of the Policy by refusing to pay life insurance benefits to Plaintiffs, and (3) Defendants acted in bad faith by denying the claim. (ECF #1).

II. LEGAL ANALYSIS

A. Standard of Review

The proper procedure for resolving ERISA actions alleging the wrongful denial of benefits under § 1132(a)(1)(B) is by way of a review of the administrative record, and not by means of a motion for summary judgment. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 616 (6th Cir. 1998). Under *Wilkins*, "the Court must conduct a *de novo* review of the administrative record unless the plan gives the plan administrator discretion to determine eligibility or to construe the plan's terms." *Sullivan v. Cap Gemini Ernst & Young U.S.*, 518 F.Supp.2d 983, 990 (N.D. Ohio

---

[5] In fact, Unum determined that it would request premium adjustments to refund the premiums paid from January 2004 through December 2006 based upon the obituary stating that Mr. Wallner retired "about three years prior to his death." (ECF #13-1, p. 259).

-4-

2007)(*citation omitted*). When an administrator is granted such discretion, a Court will review the administrator's decision under the highly deferential arbitrary and capricious standard. *Haus v. Bechtel Jacobs Co.*, 491 F.3d 557, 561 (6th Cir.2007). Plaintiffs concede that the Plan at issue contains the requisite discretionary language, and that the arbitrary and capricious standard of review applies herein. (*See* ECF #16, p. 4).[6]

Under the arbitrary and capricious standard of review, the determination of an administrator regarding whether to deny benefits under ERISA will be upheld if it is rational in light of the plan's provisions. *McClain v. Eaton Corp. Disability Plan*, 740 F.3d 1059, 1064 (6th Cir. 2014). This standard is extremely deferential and has been described as the "least demanding form of judicial review."(*Id.*)(*citations omitted*). Therefore, Unum's decision to deny benefits must be upheld if it results from a deliberate principled reasoning process and is supported by substantial evidence. (*Id.* at 1065).

B.  ANALYSIS

1.  Failure to Provide Information Claim

Plaintiffs allege that Unum failed to provide information as requested by Plaintiff's counsel, which violates ERISA and entitles Plaintiffs to statutory damages under 29 U.S.C. §1132(a)(1)(a) and (c). (ECF #1, ¶¶23-25). Interestingly, Plaintiffs state in the Complaint that Unum provided a CD which contained documents related to the request for documentation in the appeal of the April 12, 2015 decision, as well as all documents relating to Mr. Wallner. (*Id.* at ¶¶15-18). However, Plaintiffs did not set forth any factual or legal argument addressing this claim

---

[6]  The Policy provides that "[i]n making any benefits determination under the Policy, [Unum] shall have the discretionary authority both to determine your eligibility for benefits and to construe the terms of the Policy." (ECF #13-1, p. 74).

in their Brief in Opposition. Therefore, this Court may consider this silence a tacit acknowledgment that Plaintiffs have abandoned this claim. *See, e.g., Rugiero v. Nationstar Mort.*, 580 Fed.App'x. 376, 378 (6th Cir.2014)(affirming summary judgment where plaintiff's response failed to address defendant's arguments); *Hicks v. Concorde Career Coll.*, 449 Fed.App'x. 484, 487 (6th Cir.2011)(holding that a district court properly declines to consider the merits of a claim when a plaintiff fails to address it in response to a motion for summary judgment); *Connor v. Hardee's Food Sys.*, 65 Fed.App'x. 19, 24-25 (6th Cir.2003)(plaintiff's failure to brief a claim in the district court is an abandonment of the claim).

Even if Plaintiff had properly pursued this claim, it is clear from the record that Mr. Wallner's former employee, Pacer Construction Company, is listed as the Plan Administrator. (ECF #13-1, p. 87). Unum was not the administrator of the Plan, and therefore, cannot be held liable for statutory damages under 29 U.S.C. §1132(c) for failure to comply with an information request. *See Butler v. United Health Care of Tenn., Inc.*, 764 F.3d 563, 570-71 (6th Cir.2014); *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 584-85 (6th Cir.2002).

Therefore, Plaintiffs' claim in Count One fails both substantively and procedurally, and is hereby dismissed.

2. <u>Breach of Contract Claim</u>

In Count Two of the Complaint, Plaintiffs allege that Unum breached the terms of the Policy when it denied life insurance benefits to Mr. Wallner. (ECF #1, ¶30). Plaintiffs allege that "Unum selectively reviewed the administrative record, and cherry-picked information which supported its denial of benefits while ignoring evidence which supported a contrary result." (ECF #16, p. 8). Although Count Two was plead as a contract claim, it has been routinely held that

ERISA completely preempts all state-law claims that relate to an ERISA plan. *See Mazur v. UNUM Ins. Co.*, 590 Fed.App'x. 518, 520 (6th Cir.2014)(*string citations omitted*). Therefore, this matter will proceed as if it were a properly plead ERISA claim under 29 U.S.C. §1132(a). (*Id.* at 521).

Using the deferential arbitrary a capricious standard of review, this Court must affirm the decision to deny benefits to Mr. Wallner if it can find a "reasonable explanation" for such denial within the administrative record. *Schwalm v. Guardian Life Ins. Co. of Am.*, 626 F.3d 299, 308 (6th Cir.2010). The Policy at issue herein defined "active employment" as an employee working full-time and paid regular earnings, for at least 30 hours per week, and at an agreed upon location. (ECF #13-1, pp. 168-69). The record does not support a finding that Mr. Wallner was actively employed at the time of his death in 2006. Mr. Wallner's obituary stated that Mr. Wallner "retired from the King James Group about three years ago,"[7] which would have been December of 2003. Correspondence from Mr. Wallner's counsel indicated that he died in 2006 and "had retired from Pacer ... many years prior to that." (*Id.* at p. 37). These documents within the record provide a "reasonable explanation" and basis upon which to deny benefits to Mr. Wallner.

Plaintiffs' claim that Unum "cherry-picked" information or evidence in the administrative record when rendering its denial of coverage, and therefore acted arbitrarily and capriciously. (ECF #16, p. 11-12). Such a finding would require this Court to rule that Unum "ignored key pieces of evidence," made "factually incorrect assertions," and that Unum "concluded without explanation" that Mr. Wallner did not meet the requirements for coverage. *Butler, supra* at 568. This Court has no basis to make such a ruling.

---

[7] *Id.* at p. 57.

When weighing evidence in an ERISA case, it has been established that a claimant must prove by a preponderance of the evidence that he remains eligible for benefits under the plan or policy at issue. *See, e.g., Javery v. Lucent Techs., Inc. Long Term Disability Plan for Mgmt. or LBA Emps.*, 741 F.3d 686, 700 (6th Cir.2014). Plaintiffs, in an attempt to meet this burden, point to a letter written by an employee at Unum on February 25, 1992, (hereafter the "1992 letter"), indicating that under the Policy, "earnings" for Mr. Wallner shall mean his "current annual deferred compensation." (ECF #13-1, p. 185). This letter does not discuss whether Mr. Wallner was considered "actively employed" in 1992, and certainly does not help determine his employment status at the time of his death in 2006. Plaintiffs also seem to argue that letters written by Mr. Wallner's counsel in 2015, stating that Mr. Wallner "had not formally retired," constitutes evidence of his employment status. (*Id.* at p. 209). The 1992 letter and counsels' statements do not provide "substantial contrary evidence" to support the claim that Mr. Wallner was "actively employed" at the time of his death and entitled to benefits. *See Metro. Life Ins. Co. v. Conger*, 474 F.3d 258, 265 (6th Cir.2007).

Plaintiffs also mention a facsimile transmission sheet dated 12/20/2006 sent by an employee of the King James Group to Unum, stating that "the following employee passed away," listing Mr. Wallner. (ECF #13-1, p. 171). Again, referring to Mr. Wallner as an "employee" does not prove that he was "actively employed" at the time of his death under the required terms of the Policy in order to retain coverage.

Plaintiffs' claim of "cherry-picking information" is unpersuasive - and therefore, this Court finds that Unum did not act arbitrarily or capriciously when reviewing the evidence within the record. *See e.g. Zuke v. American Airlines, Inc.*, 644 Fed.App'x. 649 (6th Cir.2016)(*citing*

*Metropolitan Life, supra* at 265). Plaintiffs simply did not supply substantial evidence to prove that Mr. Wallner was covered by the Policy at issue, and have not proven that Unum selectively or unfairly reviewed the evidence within the record. Therefore, this Court finds that the evidence within the record supports the denial of benefits, and therefore, the decision was neither arbitrary nor capricious. For these reasons, Count Two is dismissed.

3. <u>Bad Faith Claim</u>

In Count Three of the Complaint, Plaintiffs claim that Unum acted in "bad faith" when it "failed to exercise good faith" in the processing of Plaintiffs' claim and denial of coverage. (ECF #1, ¶33). However, Plaintiffs do not address this argument in their Brief in Opposition and offer no evidence or argument to support a claim of bad faith. Therefore, having abandoned this claim, Count Three is dismissed. *See Rugiero, supra* at 378; *Hicks, supra* at 487; *Connor, supra* at 24-25.

4. <u>Plaintiffs' Equitable Estoppel Argument[8]</u>

Plaintiffs attempt to argue that this Court should apply the doctrine of estoppel to prevent Unum from denying coverage of Mr. Wallner's benefits. (ECF #16, pp. 9-12). Equitable estoppel is a rare remedy in an ERISA context. *Paul v. Detroit Edison Co. & Mich. Consol. Gas Co. Pension Plan*, 642 Fed.App'x. 588, 594 (6th Cir.2016). Plaintiffs' equitable estoppel argument is typically foreclosed by the unambiguous language of the Plan, as principles of estoppel cannot be applied to vary the terms of unambiguous plan documents. *Donati v. Ford Motor Co., Gen. Retirement Plan, Retirement Committee*, 821 F.3d 667 (6th Cir.2016) (*citing Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 404 (6th Cir.1998). However, the Sixth Circuit has carved out a

---

[8] Case law in this District and in the Sixth Circuit finds that estoppel claims are permitted in the context of ERISA welfare benefit plans. *See, e.g. Geith v. Sprint Communications Co. L.P.*, 2014 WL 2803065, at *3 (N.D.Ohio June 19, 2014); *Sprague, supra* at 403.

narrow exception to the *Sprague* rule in cases where the plaintiff can demonstrate the traditional five elements of estoppel, which are:

> 1) conduct or language amounting to a representation of material fact;
> 2) awareness of the true facts by the party to be estopped; 3) an intention on the part of the party to be estopped that the representation be acted on, or conduct toward the party asserting the estoppel such that the latter has a right to believe that the former's conduct is so intended; 4) unawareness of the true facts by the party asserting the estoppel; and 5) detrimental and justifiable reliance by the party asserting estoppel on the representation.

*Bloemker v. Laborers' Local 265 Pension Fund*, 605 F.3d 436, at 444 (6th Cir.2010).

In addition, the *Bloemker* opinion sets forth three extraordinary circumstances that a plaintiff must demonstrate before equitable estoppel applies in an ERISA case:

> (1) a written representation; (2) plan provisions which, although unambiguous, did not allow for individual calculation of benefits; and (3) extraordinary circumstances in which the balance of equities strongly favors the application of estoppel.

*Id.* at 444. These eight elements "constitute a demanding standard" for a plaintiff trying to prove equitable estoppel in a dispute over a benefits plan. *Paul, supra* at 593.

In this matter, in order to prevail on the estoppel argument, Plaintiffs must show evidence of Mr. Wallner's justifiable and detrimental reliance on an alleged misrepresentation made by Unum regarding his life insurance benefits. *See, e.g., Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 432 (6th Cir.2006). Plaintiffs again attempt to argue that the 1992 letter,[9] which defined Mr. Wallner's "annual deferred compensation" as "earnings," amounts to evidence that "Mr. Wallner would continue to be covered under the policy." (ECF #16, p. 10). This letter does not mention, and therefore does not misrepresent, specific benefits or coverage available to Mr. Wallner as an

---

[9] See ECF #13-1, p. 279.

employee receiving annual deferred compensation. Nor does this letter confirm that Mr. Wallner was working the requisite amount of hours, or at the location necessary, to be considered an "active employee" at Pacer in 1992. The unambiguous terms of the Policy define "active employment" as a necessary element in order to retain coverage under the Plan. Plaintiffs have provided no evidence to show that Mr. Wallner was "actively employed" in 1992, or at the time of his death. Therefore, Plaintiffs' estoppel argument fails because this letter does not constitute a "representation of material fact" as it relates to life insurance benefits available to Mr. Wallner, *Bloemker, supra.*

Plaintiffs summarily argue that because Unum collected premiums from Pacer in relation to Mr. Wallner's benefits until the time of his death, this estops Unum from denying coverage. (ECF #16, p. 10). Again, Plaintiffs set forth no evidence to support a claim that Mr. Wallner justifiably and detrimentally relied upon, or even knew about, these premium payments.[10] Therefore, the doctrine of estoppel does not apply to estop Unum from denying coverage based upon this fact scenario. Furthermore, the acceptance of premiums does not alter the unambiguous coverage requirements of a plan or policy. *See Clarcor, Inc. v. Madison Nat. Life Ins. Co., Inc.*, 491 Fed.App'x. 547, (6th Cir.2012). Therefore, this argument does not alter this Court's decision to affirm Unum's decision to deny benefits to Mr. Wallner.

5. Jury Trial

As it relates to Defendant's request to strike the jury demand, it is well settled that there is no right to a jury trial on ERISA claims for recovery of benefits or breach of fiduciary duty. *See*

---

[10] As already mentioned, Unum agreed to reimburse the employer for premiums paid from January 2004 through December 2006based upon the obituary stating that Mr. Wallner retired "about three years prior to his death." (ECF #13-1, p. 259).

*Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 616 (6th Cir.1998). Regardless, it is not necessary for this Court to strike the jury demand as this matter is dismissed entirely.

III. CONCLUSION

For all of the foregoing reasons, Defendant's Motion for Summary Judgment and/or to Uphold the Administrative Decision (ECF #15) is GRANTED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: October 28, 2016